IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES C. WINDING**                                                                                     **PLAINTIFF**

**V.**                                               **NO. 4:24-CV-17-DMB-RP**

**MARC MCCLURE,**
**Superintendent Parchman MS**                                             **DEFENDANT**

## ORDER

This Court transferred this case to the United States District Court for the Southern District of Mississippi on April 15, 2024, after determining the Southern District of Mississippi is the proper venue for James C. Winding's petition for a writ of habeas corpus.[1] Doc. #11. On or about February 18, 2025, Winding filed in this Northern District Court a pro se "Motion for the Honorable Northern District to Issue a Order to the Southern District Clarifying No Ruling was Issue by this Court on Docket Entry No. #8 Motion for Writ of Habeas Corpus Ad Prosequendum Filed by Attorney Charles B. Irvin 3/26/2024." Doc. #14 (grammatical errors in original).

Because (1) the docket and documents filed in this case in this Northern District Court are public, accessible by the Southern District Court, and speak for themselves; (2) the docket in this case reflects Winding is represented by counsel[2] and Winding is not entitled to hybrid representation—to represent himself while simultaneously being represented by counsel; (3) this case was closed upon its transfer to the Southern District of Mississippi and Winding's February 18 motion states no valid reason for it to be reopened in this Northern District Court; and (4)

---

[1] "[B]ecause Winding is incarcerated in Walnut Grove, Leake County, Mississippi, which is in the Southern District of Mississippi, *see* 28 U.S.C. § 104(b)(1); and his conviction arose in Adams County, Mississippi, which is also in the Southern District of Mississippi, *id.* §104(b)(4), venue is proper only in the Southern District of Mississippi." Doc. #11 at 2.

[2] Winding's counsel of record moved to withdraw but his motion was denied. Doc. #13.

regardless, this Northern District Court lacks authority to issue binding orders on the merits in this case post-transfer,[3] Winding's February 18 pro se motion [14] is **STRICKEN**.

    **SO ORDERED**, this 12th day of May, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] *See Def. Distributed v. Platkin*, 55 F.4th 486, 492 (5th Cir. 2022) ("Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case.") (citing *Chrysler Credit Corp. v. Country Chrysler*, 928 F.2d 1509, 1516–17 (10th Cir. 1991)); *see also Liberi v. Taitz*, 425 F. App'x 132, 134 (3d Cir. 2011) ("[A]fter grant of motion to transfer venue and lodging of papers with transferee court's clerk, 'the transferor court … loses all jurisdiction over the case and may not proceed further with regard to it.'") (citing 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper*, Federal Practice and Procedure* § 3846, at 69 (3d ed. 2007)). This Northern District Court also lacks authority to order the Southern District Court to do anything since this Northern District Court is equal in power and jurisdiction to the Southern District Court, not superior to it.